[Civ. No. 19269.    First Dist., Div. Two.    July 6, 1961.]

D. E. RIESEN et al., Plaintiffs, v. MALCOLM LEEDER, Respondent; ROYAL MANUFACTURING COMPANY (a Corporation), Appellant.

Anello & Vogel and Bernard J. Vogel, Jr., for Appellant.

Popelka, Graham, Hanifin & Bonney for Respondent.

DRAPER, J.—Cross-defendant manufacturer appeals from judgment in favor of cross-complainant retailer, in an action for breach of implied warranty. Manufacturer sold coffee vending machines to retailer in January 1954. The latter resold four of them to plaintiff June 22, 1955, and made delivery in August 1955. Plaintiff immediately complained that the cups of coffee dispensed by the machines were too weak or too bitter, and that the machines broke down. The complaints were renewed frequently. In late September or "very early October" 1955, plaintiff offered to return the machines to Leeder, the retailer, and demanded return of the price which had been paid. Plaintiff filed his complaint in this action July 9, 1957. Leeder cross-complained against the manufacturer October 15, 1957. Judgment was ordered in favor of plaintiff against Leeder on the complaint, and in favor of Leeder against the manufacturer, for the same amount, on the cross-complaint. The only appeal is by the manufacturer from the judgment on the cross-complaint. The sole point raised is the statute of limitations.

In an action for breach of implied warranty, the two-year period (Code Civ. Proc., § 339, subd. 1) governs (*Wyatt* v. *Cadillac Motor Car Division*, 145 Cal.App.2d 423, 426 [302 P.2d 665]).

Respondent Leeder assumes that his cross-action is one for indemnity, and confines his argument to the question when

the statute begins to run against such an action. His assumption is erroneous. ■ "Indemnity is a contract by which one engages to save another from a legal consequence . . ." (Civ. Code, § 2772). ■ Nowhere does Leeder plead, prove, or even suggest an agreement by manufacturer to indemnify him. Nor does he plead or prove any tort liability, much less that unusual situation which can give one tortfeasor a claim over, perhaps akin to indemnity, against the other (*City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802]). We are satisfied that respondent retailer's cause of action, both on his pleadings and his proof, is one for breach of implied warranty (Civ. Code, § 1735), and thus subject to the two-year limitation.

The remaining question is when the statute commenced to run. ■ The general rule is that this date is the time of the sale from which the warranty is implied (*Mary Pickford Co.* v. *Bayly Bros., Inc.,* 12 Cal.2d 501, 521 [86 P.2d 102]; 1 Williston on Sales, § 212a, p. 550). This rule has been criticized, since under it the statute may run before the buyer knows of the breach of warranty (1 Williston, *supra;* 1 Witkin, California Procedure, 630-631; 63 Harv.L.Rev. 1202; 27 Mich. L.Rev. 826-827). The rule is particularly severe when applied to a middleman or retailer, who purchases only for resale and thus is not himself likely to discover defects which appear only upon use (see *Peterson* v. *Brown,* 216 Ark. 709 [227 S.W. 2d 142]; *W. S. Rockwell Co.* v. *Lindquist Hardware Co.,* 143 Conn. 684 [125 A.2d 173]; *Liberty Mutual Ins. Co.* v. *Sheila-Lynn, Inc.,* 185 Misc. 689 [57 N.Y.S.2d 707]). The amelioration generally suggested is that the statute should begin to run when the purchaser discovers, or reasonably should discover, the defect (*P. H. Sheehy Co.* v. *Eastern Importing & Mfg. Co.,* 44 App.D.C. 107 [L.R.A. 1916 F 810]).

■ California has long indicated a tendency to achieve this equitable result by construing the warranty, where possible, as prospective, thus deferring the commencement of the statutory period until the warranted future event fails to materialize, i.e., the date of discovery of the defect (*Southern Calif. Enterprises* v. *D. N. & E Walter & Co.,* 78 Cal.App.2d 750 [178 P.2d 785], and cases there reviewed). The like rule has recently been applied to the implied warranty running in favor of one in a situation comparable to that of a middleman (*Aced* v. *Hobbs-Sesak Plumbing Co.,* 55 Cal.2d 573 [12 Cal.Rptr. 257, 360 P.2d 897]).

This, however, is the utmost suggested by the authorities in relaxation of the strict rule. In the case at bar, it would work a fair result. Throughout August and September of 1955, respondent retailer was repeatedly informed of the defective performance of the vending machines. These repeated complaints culminated "in or about the month of September, 1955," according to the findings, in demand by the customer (plaintiff) for reimbursement, coupled with his offer to return the machines. While the findings do not completely exclude the possibility that this culminative event occurred after October 15, they do make clear that Leeder was fully informed of the condition of the machines more than two years before he cross-complained. When he was made aware of the defects warranted against, he had a cause of action against the manufacturer, even though his own liability had not been finally determined (*Grupe* v. *Glick*, 26 Cal.2d 680, 690 [160 P.2d 832]). Yet for more than 26 months after notice of the defects, and for more than three months after filing of this action against him by his purchaser, he neglected to assert any claim against the manufacturer. The evidence does not show any notice of any kind to the manufacturer from respondent. It follows that even if the manufacturer's warranty is held to be prospective, with the result that the statute begins to run only upon discovery of the defects by Leeder, this cross-action is barred.

Judgment reversed.

Kaufman, P. J., and Shoemaker, J., concurred.