[Civ. No. 21380.   First Dist., Div. Two.   Mar. 16, 1964.]

GEORGE E. MACK et al., Plaintiffs and Appellants, v. HUGH W. COMSTOCK ASSOCIATES, INC. et al., Defendants and Respondents.

Drummond & Murphy and Patricia Lane for Plaintiffs and Appellants.

Lacey, Holbrook & Meyenberg, John R. Lamoreaux and Grunsky and Pybrum for Defendants and Respondents.

TAYLOR, J.—The plaintiffs appeal from a judgment of dismissal entered on an order sustaining the defendants' demurrers to their amended complaint and granting a motion to strike after plaintiffs had declined an opportunity to amend. The chief questions on appeal concern the proper measure of consequential damages recoverable in an action for breach of warranty and the statute of limitations.

The facts alleged by the second amended complaint are as follows: The plaintiffs, George and Gladys Mack, husband and wife, entered into a written contract in August 1954 with the defendant, Hugh W. Comstock Associates, Inc., hereafter referred to as Comstock, to have the latter construct a home in Pebble Beach at a cost of $110,923. The general contractor Comstock thereafter secured a heating subcontractor, defendant Boothe Radiant Heat, Inc., hereafter referred to as Boothe, to furnish and install a radiant heating system in accordance with the plans and specifications. Under the terms of their written agreement, Boothe expressly warranted to Comstock that the heating system would be free from defects of workmanship and materials for a period of five years, of merchantable quality and fit for the use intended. Comstock and Boothe in turn expressly and impliedly made the identical warranties concerning the radiant heating system to the plaintiffs.

The plaintiffs' home was completed about November 12, 1956. On numerous occasions in 1957, beginning in March, shortly after the plaintiffs moved in, and then on approximately six occasions in 1958 and 1959, leaks appeared in the radiant heating system. Leaks also appeared on April 17, 1960, May 16, 1960, August 13, 1960, October 23, 1960, March 30, 1961, July 10, 1961, July 17, 1962, and August 8, 1962.

Immediately on discovering each of these leaks, the plaintiffs notified defendants, who promptly attempted to repair

the heating system and on each occasion assured the plaintiffs there would be no further leaks. As a result of the leaks, the baseboards in the plaintiffs' home had to be removed, the custom carpeting and padding rolled up and replaced, as well as the gas shut off, boilers drained, furniture moved, etc. Plaintiffs also hired a watchman to inspect the premises for leaks in the heating system when they were away from home. In October 1962, the plaintiffs necessarily abandoned the radiant heating system installed by the defendants and replaced it with another system.

The complaint further alleged that the defects in workmanship and material which caused the leaks in the heating system resulted in great damage to the plaintiffs' home and furnishings and caused the plaintiffs mental anguish and humiliation. The complaint sought general damages in the sum of $25,000; $9,673.46 for the loss of carpeting, padding, new plumbing, painting, repairs and the expenses of installing a new heating system, and $350 living expenses during the repair and replacement of the carpeting and heating system.[1]

Defendant Boothe demurred generally and also specially, alleging that the cause of action was barred by the statute of limitations (Code Civ. Proc., §§ 337, subd. 1; 338, subd. 3) and that the complaint was uncertain because it could not be ascertained how the plaintiffs had sustained general damages of $25,000. Defendant Comstock also demurred generally and specially, alleging that all causes of action were barred by the statute of limitations (Code Civ. Proc., §§ 340, subd. 3; 338, subds. 2, 3; 337, subd. 1; 339, subd. 1). Thereafter, Comstock filed its motion to strike all portions of the complaint except those dealing with the breach of warranty. The trial court entered its order granting the motion to strike, sustaining the demurrers, and giving plaintiffs 15 days within which to amend the complaint ''... to state a cause of action for damage to the radiant heating plant itself, or recovery of the cost thereof, but not for any resultant damages or any other consequential damage to any other property or person.'' Plaintiffs declined to amend and the court entered the judgment of dismissal from which this appeal is taken.

The trial court erred in ruling that the appellants could not recover for the damage to their real and personal prop-

<hr />

[1]The first two causes of action were for personal injuries and breach of implied warranty against Comstock; the third and fourth for personal injuries and breach of implied warranty against Boothe.

erty as well as other consequential damages resulting from the defective radiant heating plant designed, manufactured and installed by the respondents.

The transactions between the parties were contracts for labor and materials rather than contracts of sale under the Uniform Sales Act (Civ. Code, § 1789, subds. (6), (7); *Corporation of Presiding Bishop* v. *Cavanaugh,* 217 Cal. App.2d 492, 504 [32 Cal.Rptr. 144]) but the causes of action and measure of damages for breach of implied warranty are the same in both instances (*Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573 [12 Cal.Rptr. 257, 360 P.2d 897]). The liability need not be viewed as purely contractual, as the appellants contend, or purely delictual, as the respondents contend. The measure of damages for breach of warranty (Civ. Code, § 1789, subd. (6)) is substantially identical to that set forth for negligence actions (Civ. Code, §§ 3300, 3333; *Tremeroli* v. *Austin Trailer Equip. Co.,* 102 Cal.App.2d 464, 480 [227 P.2d 923]; *Rutherford* v. *Standard Engineering Corp.,* 88 Cal.App.2d 554, 568 [199 P.2d 354]). The same rules of foreseeability apply to an express contractual warranty (*Maecherlein* v. *Sealy Mattress Co.,* 145 Cal.App.2d 275, at p. 278 [302 P.2d 331]) as to an implied warranty (*Aced* v. *Hobbs-Sesack Plumbing Co., supra*). The modern view is that in consumer transactions (as distinguished from mercantile transactions), the recovery is best measured by the tort yardstick allowing recoupment for all damages proximately resulting from the breach (*Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57, 63 [27 Cal.Rptr. 697, 377 P.2d 897]; Ezer, *The Impact of the Uniform Commercial Code on the California Law of Sales Warranties,* 8 U.C.L.A. L.Rev. 281, 307; Prosser, *Strict Liability to the Consumer,* 69 Yale L.J. 1099).

It is well settled in California that in an action for a breach of warranty, consequential damages can be recovered (*Grupe* v. *Glick,* 26 Cal.2d 680 [160 P.2d 832]). This court recently held lost profits, generally a much more controversial component of damages than those alleged in the instant complaint, recoverable in an action for breach of warranty (*Tremeroli* v. *Austin Trailer Equip. Co., supra,* at pp. 481 and 482). Authorities in other jurisdictions have allowed property and other consequential damages to homeowners resulting from defective or defectively installed furnaces or stoves (*Handy* v. *Holland Furnace Co.* (1960) 11 Wis.2d 151

[105 N.W.2d 299]; *Williams* v. *Ballenger* (1952) 87 Ga. App. 225 [73 S.E.2d 509]).

The respondents had the duty to provide a radiant heating system fit for the purpose for which it was intended and the appellants had a right to rely thereon (*Handy* v. *Holland Furnace Co., supra*). The heat was supplied from hot water pipes installed in the floor and it was clearly foreseeable that a failure or leakage in the pipes could result in damage to the floors, as well as the woodwork and contents of the rooms, thus making the home temporarily unlivable. These items and the reasonable expenses entailed thereby are properly within the concept of allowable consequential damages.

We agree with the trial court's ruling that mental suffering is not a proper item of damages in this case. Although damages for mental suffering may be recovered for conduct in the nature of a trespass or nuisance (*Acadia, California, Ltd.* v. *Herbert,* 54 Cal.2d 328 [5 Cal.Rptr. 686, 353 P.2d 294]) or for breach of warranty were accompanied by personal injuries (*Medeiros* v. *Coca-Cola Bottling Co.,* 57 Cal. App.2d 707 [135 P.2d 676]), our Supreme Court recently held that this state does not recognize a cause of action for mental anguish in the absence of contemporaneous bodily contact or an independent cause of action based on or having an element of wilfulness, wantonness or malice (*Amaya* v. *Home Ice, Fuel & Supply Co.,* 59 Cal.2d 295 [29 Cal.Rptr. 33, 379 P.2d 513]).

We conclude that the appellants should have been permitted to amend their complaint to state causes of action for the breach of warranty, damage to their real and personal property resulting from the failure of the radiant heating pipes, the cost of the watchman and their extra living expenses during the time they were forced to move out of the home.

We now turn to the various contentions concerning the statute of limitations. Although the appellants, relying on *Stowe* v. *Fritzie Hotels, Inc.,* 44 Cal.2d 416 [282 P.2d 890], argue that an appellate court cannot inquire into the merits of the special demurrer where a general demurrer is sustained, we think it would serve no useful purpose to rigidly apply the rule in this instance, as the issues concerning the measure of damages discussed above are also largely determinative of the applicable limitations.

The complaint alleged breaches of both express and

implied warranties and consequential damages to person and property. Code of Civil Procedure section 337, subdivision 1, would cover the express warranties and provides a four-year statute of limitations. Code of Civil Procedure section 339, subdivision 1, would cover the implied warranties and provides a two-year statute (*Riesen* v. *Leeder*, 193 Cal.App.2d 580 [14 Cal.Rptr. 469]). However, we believe that where the damages to person or property, in addition to the warranted product, result from a breach of warranty, the more specific sections of Code of Civil Procedure sections 340 and 338 relating to the tortious injury or damage to person or property determine the statutory period (*Lai Wum Chin Mock* v. *Belfast Beverages*, 193 Cal.App.2d 770, 772-773 [14 Cal. Rptr. 602]; *Strzelczyk* v. *Marki*, 169 Cal.App.2d 703 [337 P.2d 846]; *Rubino* v. *Utah Canning Co.*, 123 Cal.App.2d 18 [266 P.2d 163]). As noted above, damages for the alleged personal injuries are not recoverable in California, but the consequential damages to real and personal property are, and the three-year statute of limitations provided in Code of Civil Procedure section 338, subdivisions 2, 3, is the proper one to apply.

We now consider the application of these statutes to the instant case. Respondents concede that when a product is built into a home with an express or implied warranty against defects of workmanship for a specific period of time and the product proves defective and not in conformity to the warranty, the warranty is ''prospective'' and the statute of limitations is tolled during the time the seller honestly endeavors to make repairs to enable the product to fit the warranty or at least until such time as it becomes reasonably apparent to the owner that the warranty cannot be met (*Riesen* v. *Leeder*, supra; *Aced* v. *Hobbs-Sesack Plumbing Co.*, supra; *Southern Calif. Enterprises* v. *D. N. & E. Walter & Co.*, 78 Cal.App.2d 750 [178 P.2d 785]). The complaint alleged that immediately on discovering each of the leaks in the radiant heating system, the appellants notified the respondents. On each occasion, the respondents attempted to make the heating plant conform to the warranty and assured the appellants that there would not be any further problems. In October 1962, appellants replaced the heating system installed by the respondents. Their first complaint in this action was filed on July 19, 1962. Under the facts alleged, there can be no question that on the cause of action for breach of warranty, the statute was tolled during the entire period

when the respondents attempted to repair the heating plant and assured the appellants that they would make the plant perform in accordance with its warranty (*Aced* v. *Hobbs-Sesack Plumbing Co., supra,* at p. 585) and the appellants' complaint was timely filed.

There were no allegations in the complaint that the respondents had ever undertaken any repair to the real and personal property damaged other than the heating system itself. Clearly then the statute of limitations was not tolled as to the causes of action for these and other consequential damages. The complaint alleged that leakage in the radiant heating system and resulting property damage continued from 1957 until its replacement in 1962. The statute of limitations prescribed in Code of Civil Procedure section 338, subdivisions 2, 3, would apply and the appellants would be limited in their proof to those items of consequential damage incurred within the three-year period immediately preceding the filing of the first complaint.

Finally, we note that the court erred in failing to state the specific grounds of its order sustaining the demurrers as required by Code of Civil Procedure section 472d. Appellants have not shown that they suffered any prejudice thereby and furthermore, their failure to call this irregularity to the attention of the trial court permitting a correction of the error, constitutes a waiver of the section (*Kyne* v. *Eustice,* 215 Cal.App.2d 627, 635 [30 Cal.Rptr. 391].)

Judgment reversed.

Shoemaker, P. J., and Agee, J., concurred.