[Civ. No. 32966. First Dist., Div. One. Mar. 13, 1975.]

ROSEMARY ALLRED, Individually and as Administratrix, etc., Plaintiff and Appellant, v.
BEKINS WIDE WORLD VAN SERVICES et al., Defendants and Respondents.

**COUNSEL**

David J. McKeown and Loubé & Lewis for Plaintiff and Appellant.

Noble K. Gregory, Anthony P. Brown, Walter R. Allan, Pillsbury, Madison & Sutro, Bacon, Stone, O'Brien & Hammond, and W. F. Stone, for Defendants and Respondents.

**OPINION**

**ELKINGTON, J.**—Plaintiff's complaint disclosed the following. The employers of Nye H. Allred (defendants Guy F. Atkinson Company,

Columbia Service Company, and Mangla Dam Contractors) undertook in writing that, upon completion of a West Pakistan construction project on which Allred was employed, they would "reimburse" him for the cost of " 'Overseas packing' and steamship freight," in connection with the return of his family's personal belongings to their home in the United States. The employers thereafter entered into a contract with defendant Bekins Wide World Service, Inc. (hereafter sometimes "Bekins") for such "packing, preparation and shipment." When Allred's employment ended, over the family's protest, Bekins, on or about *July 31, 1968,* packed their personal belongings in straw which was "visibly stained and rancid and smelled of animal urine." Upon the family's, and the goods', arrival soon after in the United States, the members of the family developed a serious rash, itching sensation and skin irritation. Reasonable efforts to find the cause of the problem were fruitless until either *July 1970* or *November 1970.* At that time it was learned that the cause was "the existence of microscopic vermin which lived and bred in the packing straw." As a proximate result of the presence of the vermin, Nye H. Allred and his wife Rosemary suffered personal injuries and property damage.

The action was commenced *June 16, 1972,* by Rosemary Allred, "individually and as Special Administratrix of the Estate of Nye H. Allred, deceased"; her husband in the meantime had died from causes unrelated to the subject of the action.

It will be observed that the action was commenced about *46 months* after the alleged improper packing of the Allred family's goods, and about *20 or 24 months* after they had learned of the cause of their trouble.

The complaint was entitled "Complaint for Breach of Contract." The pleaded action sounded only in breach of express and implied warranties.

All of the defendants generally and specially demurred to the complaint contending, among other things, that the complaint failed to state a cause of action and that, if a cause of action was otherwise stated, it was barred by the statutes of limitations.

The general demurrers were sustained without leave to amend, for the reason that the complaint "failed to state a cause of action because it appeared therefrom that any purported cause of action is barred by the applicable statute of limitations." The court did not rule on the issue

whether the complaint otherwise stated a cause of action, or on the special demurrers. "Orders and Judgments" dismissing the action were thereafter entered. It is from those "Orders and Judgments" that plaintiff, in her dual capacity, has appealed.

Plaintiff's contention appears to be that all defendants owed a duty, arising ex contractu, to exercise at least ordinary care in packing and shipping the family's personal belongings for return to the United States, and that as a proximate result of the failure to use such care plaintiff and her husband suffered personal injuries and property damage. Further, she contends that the negligently performed duty having arisen in contract, the appropriate statute of limitations was the four-year period prescribed by Code of Civil Procedure section 337, subdivision 1.

We find the contention to be unsupported by law.

■  It is now settled that: "Where the cause of action [for injury to person or to goods and chattels] arises from the breach of a contractual duty, the action is delictual notwithstanding that it also involves a breach of contract." (*Eads* v. *Marks,* 39 Cal.2d 807, 811 [249 P.2d 257]; *Distefano* v. *Hall,* 218 Cal.App.2d 657, 678 [32 Cal.Rptr. 770].) It has accordingly been held that even where a duty of care arises ex contractu, the statute of limitations for negligent infliction of personal injuries proximately resulting from a breach of that duty is one year by virtue of Code of Civil Procedure section 340, subdivision 3 (*Howe* v. *Pioneer Mfg. Co.,* 262 Cal.App.2d 330, 339-340 [68 Cal.Rptr. 617]; *Rodibaugh* v. *Caterpillar Tractor Co.,* 225 Cal.App.2d 570, 572-573 [37 Cal.Rptr. 646]; *Lai Wum Chin Mock* v. *Belfast Beverages,* 193 Cal.App.2d 770, 772-773 [14 Cal.Rptr. 602]; *Rubino* v. *Utah Canning Co.,* 123 Cal.App.2d 18, 26-27 [266 P.2d 163]), while that for negligently caused harm to "goods, or chattels," is governed by the three-year provision of Code of Civil Procedure section 338, subdivision 3 (*Lowe* v. *Ozmun,* 137 Cal. 257, 259 [70 P. 87]; *Howe* v. *Pioneer Mfg. Co., supra,* p. 339; *Mack* v. *Hugh W. Comstock Associates,* 225 Cal.App.2d 583, 589 [37 Cal.Rptr. 466]).

■  We next consider whether the defendant *employers* violated any duty of care owed plaintiff and her husband.

No negligence as regards those defendants was made out by the complaint; negligent conduct may not reasonably be predicated upon the employers', with consent of the Allred family, delegating the task of packing and shipping to experts in that business. It was not alleged, nor is it contended, that the employers had *guaranteed* the integrity of the

stateside delivery of the Allreds' property. The employers' general demurrer to the complaint was properly sustained.

■ Advertence is now made to the duty, if any, of defendant Bekins of ordinary care in the packing and shipping of the personal effects in question. That defendant's agreement, although with the employers, was obviously made for the express benefit of their workman Allred, and his family. Such a contract may be enforced by the third party beneficiary or beneficiaries. (See Civ. Code, § 1559; *Brown* v. *Superior Court,* 34 Cal.2d 559, 564-565 [212 P.2d 878]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, §§ 499-512, pp. 428-440.)

■ The purpose of Bekins' contract with the employers was the delivery of the Allred family's goods to their home in the United States. In this undertaking Bekins was bound, as a matter of law, to use at least reasonable care and skill. (See *Basin Oil Co.* v. *Baash-Ross Tool Co.,* 125 Cal.App.2d 578, 597 [271 P.2d 122]; *Kuitems* v. *Covell,* 104 Cal.App.2d 482, 485 [231 P.2d 552]; *Roscoe Moss Co.* v. *Jenkins,* 55 Cal.App.2d 369, 376 [130 P.2d 477].) And: " '[N]egligent failure to observe [such] conditions is a tort, as well as a breach of the contract.' The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement . . . ." (*Roscoe Moss Co.* v. *Jenkins, supra,* p. 376.)

It follows that the complaint has pleaded the negligent violation of a legal duty by Bekins, which proximately resulted in damages to plaintiff and her husband.

If the packing and commencement of transportation of the Allreds' personal belongings in West Pakistan be deemed to have triggered the running of the applicable one-year and three-year statutes of limitations, then also the general demurrer of defendant Bekins was also properly sustained. For, as we have pointed out, the action was not commenced until more than three years after that point of time.

But we now consider the critical question, i.e., the time of the *commencement* of the *appropriate* periods of limitation.

We find a considerable lack of unanimity on the subject. It has been said that the "general rule undoubtedly is that in all personal actions for the violation of an express or implied contract the statute begins to run

from the date of the wrong—the breach of the contract—and not from the date of the damages caused by it." (*Crawford* v. *Duncan,* 61 Cal.App. 647, 650 [215 P. 573]; and see *Strzelczyk* v. *Marki,* 169 Cal.App.2d 703, 705 [337 P.2d 846] [disapproved on unrelated point in *Nestle* v. *City of Santa Monica,* 6 Cal.3d 920, 937 (101 Cal.Rptr. 568, 496 P.2d 480)].) Other authority holds that the statute starts running—with the "date of injury" (*Howe* v. *Pioneer Mfg. Co., supra,* 262 Cal.App.2d 330, 340), the "date of discovery of the defect" (*Riesen* v. *Leeder,* 193 Cal.App.2d 580, 582 [14 Cal.Rptr. 469]), "at the time the breach . . . could be reasonably discoverable" (*Kaiser Cement & Gypsum Corp.* v. *Allis-Chalmers Mfg. Co.,* 35 Cal.App.3d 948, 960 [111 Cal.Rptr. 210]), when it is finally determined that the warranty is not satisfied "after attempts are made to remedy the defects" (*Southern Cal. Enterprises* v. *Walter & Co.,* 78 Cal.App.2d 750, 754 [178 P.2d 785], and see *Mack* v. *Hugh W. Comstock Associates, supra,* 225 Cal.App.2d 583, 589), and upon the happening of the "future event" to which the express or implied warranty relates (*Crawford* v. *Duncan, supra,* p. 651). And it is repeatedly said that " 'mere ignorance of the facts . . . without some valid excuse for ignorance' " is ineffective to toll the statute. (*Rubino* v. *Utah Canning Co., supra,* 123 Cal.App.2d 18, 27; *Sonbergh* v. *MacQuarrie,* 112 Cal.App.2d 771, 773 [247 P.2d 133]; *Scafidi* v. *Western Loan & Bldg. Co.,* 72 Cal.App.2d 550, 566 [165 P.2d 260].)

Recently the state's Supreme Court in *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal.3d 176 [98 Cal.Rptr. 837, 491 P.2d 421], and *Budd* v. *Nixen,* 6 Cal.3d 195 [98 Cal.Rptr. 849, 491 P.2d 433], undertook to resolve a not dissimilar discordancy in the area of the so-called "professional malpractice" cases. The court noted that, for the illogical reasons pointed out in *Neel* v. *Magana, etc.* (6 Cal.3d, pp. 183-186), the statute of limitations for "legal malpractice" had evolved into two years from the act of negligence, while generally that for other types of professional malpractice was one year from the "discovery" of the tortious act. It probed the policy issue "whether the client's claim should be outlawed before he knew of it or should have known of it." The rule that the statute started running "from the date the negligent act occurs" was found to be "harsh," "unfair" and "discriminatory," with "many critics, but no defenders." It was also found to be incongruous with that of other professional relationships, i.e., "escrow holder," "accountant," "stockbroker," "title company" and "insurance agent," where the statute of limitations was tolled until "discovery" of the tortious act. The "professional," the high court concluded, has the "duty not merely to perform his work with ordinary care but to use the skill, prudence, and diligence commonly exercised by practitioners of his profession."

The *Neel* v. *Magana, etc.—Budd* v. *Nixen* court then held that, as in other cases of professional malpractice, the statute of limitations for legal malpractice does not start running, and "that the cause of action in tort does not accrue until the client both sustains [some] damage [but not necessarily "all, or even the greater part"], and discovers, or should discover, his cause of action." (*Budd* v. *Nixen, supra,* 6 Cal.3d 195, 201, 203.)

It was incidentally pointed out in *Neel* v. *Magana, etc., supra* (6 Cal.3d, p. 188, fn. 21), that the same duty of care applicable to a "profession" is required where one undertakes to render services in the practice of a *"trade."* (Italics added.) Reference was there made to Restatement Second of Torts section 299A, stating: "Unless he represents that he has greater or less skill or knowledge, one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities." (And see *Roscoe Moss Co.* v. *Jenkins, supra,* 55 Cal.App.2d 369, 376.)

The complaint, and the proper exercise of judicial notice (see Evid. Code, § 452, subds. (e), (f); *Weil* v. *Barthel,* 45 Cal.2d 835 837 [291 P.2d 30]), would indicate that defendant Bekins Wide World Service, Inc. held itself out as qualified and equipped to pack and ship articles of personal property around the world. ■ The rationale of *Neel* v. *Magana, etc.—Budd* v. *Nixen* appears equally applicable to the issues of the case at bench.

We accordingly hold that the one-year (Code Civ. Proc., § 340, subd. 3), and three-year (Code Civ. Proc., § 338, subd. 3), applicable statutes of limitations in the case at bench, were tolled until the Allreds sustained damage, *and* discovered or should have discovered, their cause of action against Bekins.

As noted, the complaint alleged discovery of the existence and cause of the damages in July or November of 1970. The complaint was filed June 16, 1972, more than one year, but within three years, of the discovery.

Insofar as the action sought damages from Bekins for personal injuries, it was barred by the one-year statute of limitations. But, as an action for damages "for injuring any goods, or chattels," the three-year statute had not run. To this limited extent the complaint stated a cause of action against defendant Bekins. The sustaining of Bekins' demurrer on

the ground that the entire action was barred by the statute of limitations was error. The judgment of dismissal as to that defendant must be reversed. On remand the trial court will rule upon the remaining issues of Bekins' general and special demurrers, and if they or any of them shall be sustained, grant plaintiff, upon request, a reasonable opportunity to amend the complaint.

We now consider the contention of Bekins based upon a so-called "Bill of Lading" attached to the complaint purporting, among other things, (1) to require "that notice of claim of loss or injury be given within 9 months after delivery," and (2) to exculpate Bekins from liability for "damage from insects, moths or vermin."

It may not be said as a matter of law, upon Bekins' general demurrer, that the bill of lading was determinative of plaintiff's rights. The document was unsigned by plaintiff or her deceased husband. Apparently applicable since Bekins appears to be a "common carrier," although not mentioned by any of the parties, is Civil Code section 2176 which provides: "A passenger, consignor, or consignee, by accepting a ticket, bill of lading, or written contract for carriage, *with a knowledge of its terms,* assents to the rate of hire, the time, place, and manner of delivery therein stated; and also to the limitation stated therein upon the amount of the carrier's liability in case property carried in packages, trunks, or boxes, is lost or injured, when the value of such property is not named; and also to the limitation stated therein to the carrier's liability for loss or injury to live animals carried. But his assent to any other modification of the carrier's obligations contained in such instrument can be manifested only by his signature to the same." (Italics added.) It is of course a question of fact whether the Allreds had "knowledge of [the] terms" of the bill of lading. (See *Curtis* v. *United Transfer Co.,* 167 Cal. 112, 115 [138 P. 726]; *Merrill* v. *Pacific Transfer Co.,* 131 Cal. 582, 589 [63 P. 915]; and see *Cal. State Auto. etc. Bureau* v. *Barrett Garages, Inc.,* 257 Cal.App.2d 71, 79 [64 Cal.Rptr. 699].) Cases indicating the need for such "knowledge" follow: *Curtis* v. *United Transfer Co., supra; Kirk* v. *Kimball Co.,* 152 Cal. 180 [92 P. 84]; *Pereira* v. *C. P. R. R. Co.,* 66 Cal. 92 [4 P. 988]. And we observe that section 2176 does not purport to bind a nonsignatory party to a bill of lading, to its time requirement for "notice of claim of loss or injury." We conclude that Bekins' bill of lading does not support the trial court's ruling on its general demurrer.

For the purposes of this appeal provisionally, and solely for the purpose of testing the questions of law raised, we have treated as true "all material, issuable facts properly pleaded in the complaint . . .

however improbable they may be." (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 800, p. 2413.) ■ We further declare the certain "Declaration of Rosemary Allred in Opposition to Demurrers" to be a nullity, of no purpose or effect whatever in our, or the trial court's, consideration of the demurrers. In such proceedings defects of a complaint are properly cured by amendments thereto, not by extraneous factual recitals in "response" to the demurrers. We have not determined any question of law unnecessary to the conclusion we have reached as to the validity of the demurrers to plaintiff's complaint. And nothing we have here said shall preclude full inquiry of the trial court into all material facts of the case, including the date the plaintiff discovered, or should have discovered, the cause of action against Bekins.

The "Order and Judgment," filed November 22, 1972, dismissing the action as to defendants Guy F. Atkinson Company, Columbia Service Company and Mangla Dam Contractors, is affirmed.

The "Order and Judgment," filed November 30, 1972, dismissing the action as to defendant Bekins Wide World Service, Inc., is reversed; the cause is remanded as to that defendant for further proceedings not inconsistent herewith.

Molinari, P. J., and Lazarus, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.