Filed 10/13/15  Krohn v. Sarna CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SHELLEY KROHN, as Trustee in Bankruptcy,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DENNIS SARNA et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B257183<br>(Super. Ct. No. 56-2013-00442256-CU-PN-VTA)<br>(Ventura County) |

When a series of development projects soured, the secured lenders foreclosed on the properties and obtained judgments against the contractor and developer, debtor William Plise, for the deficiency balance.  In the instant case, the bankruptcy trustee sued an accountant and his firm (collectively, Sarna) for alleged negligence in preparing the financial statements and tax returns upon which Plise relied when applying for the development loans.  The trial court granted summary judgment for Sarna based on the two-year statute of limitations.  The sole issue before us is whether Plise had constructive notice of Sarna's alleged negligence at the time he was sued by the secured lenders.  We conclude that he did and therefore affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Plise controlled a corporate entity that owned 126 acres of real property in Henderson, Nevada (the City Crossing property). Plise divided the City Crossing property into 15 parcels, which he distributed among 15 companies that he created (the City Crossing entities). The City Crossing entities obtained development loans secured by the City Crossing property and personally guaranteed by Plise.

In deciding to apply for the loans, Plise allegedly relied on financial statements and tax returns prepared by Sarna that "grossly exaggerated" the City Crossing entities' assets and income. When the City Crossing entities ran out of funds before the development project was complete, the lenders foreclosed on their security interests. In addition, they sued Plise for breach of contract and fraud, obtaining judgments against him for the deficiency balance. Plise subsequently filed for bankruptcy.

More than two years after the first of the judgments against Plise, the bankruptcy trustee sued Sarna for accounting malpractice.[1] She alleged that Sarna was negligent in preparing the financial statements and tax returns. Sarna moved for summary judgment on the ground that the two-year statute of limitations had passed. The trial court granted the motion, finding that "Plise was on inquiry notice as to Sarna's wrongful conduct no later than [the date] when . . . the first action by a lender for a deficiency judgment resulted in judgment against Plise."

DISCUSSION

"We independently review the trial court's order granting summary judgment and determine if the undisputed facts establish that [Sarna] is entitled to judgment as a matter of law on its statute of limitations defense. [Citations.]" (*Falk v. Children's Hospital Los Angeles* (2015) 237 Cal.App.4th 1454, 1462.)

As the parties recognize, the two-year statute of limitations for professional negligence (Code Civ. Proc., § 339, subd. (1)) governs causes of action for accounting malpractice. (*Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 707.) The suit must

_____

[1] The trial court sustained Sarna's demurrer to a second cause of action for breach of contract. Appellant did not amend the complaint.

2

commence "no later than two years after the client discovered (or reasonably should have discovered) the accountant's negligence, and has suffered actual injury resulting from that negligence." (*Ibid.*) Here, there is no dispute that Plise was injured, at the latest, when the lenders obtained a judgment against him. The question is whether he had constructive notice of the alleged negligence at that time.

"'Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her . . . . A plaintiff need not be aware of the specific "facts" necessary to establish the claim; that is a process contemplated by pretrial discovery . . . . So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.' [Citation.]" (*Apple Valley Unified School Dist. v. Vavrinek, Trine, Day & Co.* (2002) 98 Cal.App.4th 934, 942.)

Plise knew or should have known that something was amiss with the financial data reported by Sarna when the City Crossing entities ran out of funds before developing the City Crossing property. By that point, it should have been obvious that there was a discrepancy between the entities' actual and reported financial condition. At a minimum, the shortage of funds should have aroused Plise's suspicion as to the accuracy of Sarna's accounting, triggering a duty to inquire further.

The cases cited by appellant are readily distinguishable. Many involve fact patterns where something external to the plaintiffs impeded them from discovering their claims. For example, several of the cases involve fraud claims where the defendant concealed wrongdoing. (See, e.g., *Dabney v. Philleo* (1951) 38 Cal.2d 60; *Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412; *Mosesian v. Peat, Marwick, Mitchell & Co.* (9th Cir. 1984) 727 F.2d 873.) The claim here involves simple negligence, not fraud or a deliberate misrepresentation.

Other cases cited by appellant involve counterfactual situations where the plaintiffs lacked knowledge of the facts that should have triggered their suspicion. (See *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797 [medical malpractice plaintiff unaware of products liability claim against manufacturer of stapler used in surgery until

3

possibility of defect revealed during discovery]; *E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308 [company did not know of claim against recruiting firm for negligently vetting accountant who embezzled until police report revealed prior convictions]; *Nelson v. Indevus Pharmaceuticals, Inc.* (2006) 142 Cal.App.4th 1202 [plaintiff unaware of media reports that diet drug could cause heart disease]; *Moreno v. Sanchez* (2003) 106 Cal.App.4th 1415 [home buyers unaware of inspector's negligence until environmental testing revealed asbestos in air ducts]; *Allred v. Bekins Wide World Van Services* (1975) 45 Cal.App.3d 984 [plaintiff could not sue movers until discovering that her rashes were caused by microscopic vermin in straw used as packing material]; *Mosesian v. Peat, Marwick, Mitchell & Co.*, *supra*, 727 F.2d at p. 878 [plaintiff, as a member of the general public, could not have discovered securities fraud where "the events [allegedly triggering notice were] not obviously inconsistent with the [company's] financial statements" and an accounting expert who examined the books for four to five hours "found no improprieties"].)  Here, Plise controlled the City Crossing entities and thus would have been able to access their financial information and observe the alleged inconsistencies with the accounting provided by Sarna.

Regardless, "a plaintiff invoking 'the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'"  (*E-Fab, Inc. v. Accountants, Inc. Services*, *supra*, 153 Cal.App.4th at p. 1324.)  Appellant has never explained when and how Plise discovered his claim against Sarna for accounting malpractice and why he was unable to do so earlier.  (See *Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1151 [complaint defective when it "fails to allege when plaintiffs made the discovery, the circumstances of the discovery and why, in the exercise of reasonable diligence, they could not have made the discovery sooner"].)  Based on this record, we conclude that Plise discovered his claim that Sarna overstated the City Crossing entities' assets and income when the entities ran out of funds before the development project was complete—more than three years before appellant filed suit.

4

DISPOSITION

The judgment is affirmed.  Costs on appeal to Sarna.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Roger T. Picquet, Judge

Superior Court County of Ventura

_____


Law Offices of John A. Belcher and John A. Belcher for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Joseph C. Campo and Christopher M. Habashy for Defendants and Respondents.