NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWE INVESTMENTS LTD., | No. 17-55483 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01436-JAH-KSC |
| v. | |
| QUARLES & BRADY LLP; DOES, 1-25, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 7, 2019[**]
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,[***] District Judge.

Howe Investments Ltd. (Howe) appeals the district court's grant of summary

judgment in favor of Quarles & Brady LLP (Quarles) on Howe's claims for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

fraudulent misrepresentation and negligence. We have jurisdiction under 28 U.S.C. § 1291 and review the grant of summary judgment *de novo*. *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment in favor of Quarles because, viewing the undisputed facts in the light most favorable to Howe, there were no material disputed facts showing that Howe suffered any damages resulting from any actions by Quarles. Although the district court granted summary judgment on five independent grounds, Howe appealed only the first four grounds. It never challenged the district court's conclusion that Howe could not establish, as a matter of law, "that it suffered any damages as a result of" Quarles's actions.

Under California law, the plaintiff must prove that the defendant caused actual harm to it to successfully bring a claim for either fraudulent misrepresentation or negligence. *Beckwith v. Dahl*, 141 Cal. Rptr. 3d 142, 163 (Ct. App. 2012) ("In an action for [common law] fraud, damage is an essential element of the cause of action. Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages."); *Filbin v. Fitzgerald*, 149 Cal. Rptr. 3d 422, 431–32 (Ct. App. 2012) ("If the allegedly negligent conduct does not cause damage, it generates no cause of action in tort." (quoting *Budd v. Nixen*, 6 Cal. 3d 195, 200 (1971))).

By failing to raise on appeal the district court's finding that Howe did not

demonstrate any injury, Howe has waived the issue. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012); *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (affirming the district court's grant of summary judgment on the six causes of action that the appellant failed to raise in its opening brief). And, even if Howe had not waived this argument, the district court's conclusion was correct because Howe did not present any evidence of actual damages to the district court, and, therefore, did not create a triable issue on damages.

Costs are to be taxed against Defendants-Appellees.

**AFFIRMED.**