Thelma Virginia DORETY, Plaintiff,

v.

AVONDALE SHIPYARDS OF TEXAS, INC., et al., Defendants.

Civ. A. No. H–81–2732.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 16, 1987.

Joe Alfred Izen, Jr., Houston, Tex., for plaintiff.

G. Byron Sims, Brown, Sims & Ayre, Houston, Tex., for Avondale Shipyards of Texas, Inc.

### MEMORANDUM

HUGHES, District Judge.

Avondale Shipyards of Texas, Inc., has moved this court for a summary judgment, claiming that the Louisiana statute of limitations bars the pursuit of this suit. The motion will be granted.

*Background.*

Thelma Dorety was injured on October 23, 1979, while working on an offshore drilling platform. She filed suit on October 21, 1981. Avondale was not Dorety's employer.

*Claims.*

Avondale claims that the Louisiana statute of limitations requiring suits for personal injuries to be brought within one year of the injury bars pursuit of this litigation. Dorety responds that the one-year statute does not apply.

*Summary Judgment.*

The party seeking a summary judgment must establish that: (1) no genuine dispute

that the Texas supreme court would decline to   adopt Allstate's arguments.

exists about any material fact, and (2) the law entitles it to judgment. Fed.R.Civ.P. 56(c); *Hahn v. Sargent,* 523 F.2d 461 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). The evidence will be considered in the light most favorable to the nonmoving party. *Adickes v. S.H Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The nonmoving party cannot, however, establish fact disputes merely with allegations in the papers; *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986); *Parsons v. Ford Motor Co.,* 669 F.2d 308 (5th Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed. 2d 72 (1982).

Until the movant has properly supported the motion, no response is required. Once this is done, however, to preclude the rendition of a summary judgment, the nonmovant must present evidence demonstrating specific, contested facts that are material to the issues requiring adjudication. Fed. R.Civ.P. 56(e). For this purpose mere allegations or denials will not be sufficient. *John v. State of La.,* 757 F.2d 698 (5th Cir.1985).

*Statute of Limitations.*

■ When an injury occurs on a fixed platform on the outer continental shelf, the laws of the adjacent state are applied to determine the appropriate limitations. 43 U.S.C. § 1333(a). Here, the parties agree that Lousiana is the adjacent state.

■ In Louisiana a suit to recover for personal injuries, generally, must be filed within one year of the occurrence giving rise to the injuries. La.Civ.Code art. 3536. Dorety did not file her suit until nearly two years after suffering her injuries. *See Bonner v. Chevron U.S.A.,* 668 F.2d 817 (5th Cir.1982). As iniquitous as it may seem, Dorety is prevented from recovery because her suit was not timely filed. Dorety's attempts at urging that other limitations periods are applicable fail as well.

Dorety argues that Louisiana's ten-year statute of limitations for suits based upon latent defects allows her to pursue her claim. *See* L.S.A.-R.S. 9:2772. This statute allows suits based upon latent defects in the design or construction of immovables to be filed up to ten years from the design or construction of the immovable. This statute also allows recovery for personal injuries suffered within ten years of the design or construction.

These suits, however, must be filed within one year of the injury. The general personal injury statute is not superseded by this more specific statute; the one-year statute of limitations still applies. A suit to recover for personal injuries caused by a latent design defect suffered, for example, five years after the design of the immovable must still be brought within one year of the injury. Since Dorety did not bring this suit within one year of suffering her injury, this statute does not independently allow her to pursue her claim.

■ Dorety's argument that the Texas two-year statute of limitations for personal injury should be applied in lieu of the Louisiana statute is also unmeritorious. This argument has been presented and rejected previously. *See Bonner, supra,* at 819. The law of the adjacent state, Louisiana, must be applied regardless of where the suit is brought.

Dorety argues, lastly, that the Longshoremen and Harbor Workers Compensation Act applies instead of the Outer Continental Shelf Lands Act. This statute, however, applies to employers, not third parties. 33 U.S.C. §§ 903–905. This statute is patently inapplicable.

*Conclusion.*

Louisiana's one-year statute of limitations prevents Dorety from pursuing a claim. No other limitations period can be applied. Avondale's motion for summary judgment will be granted.