**Tom ROBISON and Wife,
Nonie Robison**

v.

**EXXON CORPORATION and
Exxon Company, U.S.A.**

No. 2:89–CV–0196.

United States District Court,
E.D. Texas,
Marshall Division.

April 18, 1991.

John Dale Sloan, Hill, Perry & Sloan, Longview, Tex., for plaintiff.

Rene J. Mouledoux, Susan B. Sanchez, & Wayne R. Luck, Exxon Co. U.S.A., Houston, Tex., for defendant.

## ORDER AND OPINION

HALL, District Judge.

ON THIS DAY CAME ON TO BE HEARD Defendants' Motion for Summary Judgment in the above entitled and numbered case. The Plaintiffs, Tom Robison and his wife Nonie Robison, brought this suit seeking damages for personal injuries allegedly suffered by Mr. Robison on January 4, 1988. Mr. Robison was working as a Merico Abatement employee on Eugene Is-

land 314a Platform, a fixed offshore production platform, located in federal waters one hundred (100) miles off the coast of Louisiana. Mr. Robison alleges he was injured when an extension ladder collapsed and pinned his wrist.

On December 28, 1989, the Plaintiffs filed their original complaint in this matter in the Eastern District of Texas, Marshall Division. The Plaintiffs named Exxon Corporation and "Exxon Company, U.S.A." as Defendants and asserted claims for negligence and premises liability. On February 11, 1991, the Defendants filed their Motion for Summary Judgment.

■ The Defendants' Motion for Summary Judgment asserts that there is no issue of material fact to be decided by a fact finder because the Plaintiffs' claims are barred by the applicable statute of limitations. Since the Eugene Island Platform 314a was a fixed platform on the Outer Continental Shelf, the Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1333, applies. The Outer Continental Shelf Lands Act (OCSLA) provides that the civil and criminal laws of each adjacent state apply to the subsoil and seabed of the Outer Continental Shelf. This encompasses applicable state statutes of limitations. *Bonner v. Chevron, U.S.A.*, 668 F.2d 817, 819 (5th Cir.1982). The summary judgment evidence before the court demonstrates that OCSLA applies to the Eugene Island Platform 314a. This platform is located one hundred (100) miles off the coast of Louisiana, therefore, the laws of Louisiana shall apply. Specifically, the Court is required to apply Louisiana's statute of limitations. The Plaintiffs have filed suit in Texas, but the statute of limitations of the adjacent state applies regardless of where the suit is filed. *Dorety v. Avondale Shipyards of Texas, Inc., et al.*, 672 F.Supp. 962 (S.D.Tex.1987), *aff'd without opinion*, 832 F.2d 1262 (5th Cir.1987).

The present claims fall under Article 3492 of the Louisiana Civil Code. This statute states in pertinent part:

"Delictual actions are subject to a liberative prescription of one year. This pre-

scription commences to run from the day injury or damage is sustained"

La.Civ.Code Ann. art. 3492 (West 1989). It is undisputed that the plaintiffs' claim arose on January 4, 1988 when Mr. Robison's injury occurred. It is also undisputed that the present suit was filed on December 28, 1989. The date of filing is after the expiration of the applicable statute of limitations. Accordingly, Plaintiffs' claims against Exxon are time barred by the Louisiana Statute of Limitations.

The Court is not persuaded by Plaintiffs' argument that the three (3) year maritime statute of limitations applies.

The present facts, cast against the backdrop of applicable law, compel the Court to find that there is no genuine issue of material fact to be decided by a fact finding jury.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Defendants' Motion for Summary Judgment is hereby in all things GRANTED and Plaintiffs' claims are DISMISSED with prejudice.

J.D. Hamilton and Suzanne W. Ross, Houston, Tex., for plaintiff.

P.J. Murphey Harmon, Timothy McDaniel, Lansford Ireson, Jr., Marion Lary, Jr., John W. Berkel, Houston, Tex., for defendants.