## Gary GROVER

v.

## EXXON CORPORATION.

No. G–95–112.

United States District Court,
S.D. Texas,
Galveston Division.

June 28, 1995.

Michael W. Hogue, Patterson & Associates, Corpus Christi, TX, for plaintiff Gary Grover.

Gregory T. Kenney, Houston, TX, for defendant Exxon Corp.

## ORDER GRANTING SUMMARY JUDGMENT

KENT, District Judge.

Pending before the Court is Defendant Exxon Corporation's Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56(c). For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

### I. Background

Plaintiff brings this action for damages allegedly suffered as a result of the negligence of the Defendant, its agents, servants, and/or employees. On December 30, 1993, Plaintiff was employed by Profco as a drilling fluids engineer. His duties involved monitoring and evaluating drilling fluids on the Heritage Platform, which was allegedly owned and/or operated by Defendant Exxon Corporation. The platform was located in federal waters off the coast of Santa Barbara, California.

Plaintiff asserts that at the time of the accident, he was engaged in testing drilling fluids, which were supposed to be drawn approximately once an hour for testing from a valve which was part of Defendant's platform. According to the Plaintiff, the valve

was not functioning properly and Profco notified Defendant of this fact. However, pursuant to a contract allegedly entered into between Defendant and Profco, Profco was without the authority or the means to correct the condition.

According to Plaintiff, Defendant failed to repair or replace the valve. Instead, Defendant allegedly decided that a hole would be cut in the floor of the platform, so that a can attached to the end of a long handle could be dipped into the drilling fluid to obtain the necessary samples. Plaintiff asserts that this make-shift arrangement required Plaintiff to place himself in an awkward position several times during a given work shift, and additionally caused the floor in the designated area of the mud pits to become wet and slippery. While retrieving some samples in the above-described manner, Plaintiff allegedly slipped and injured his right knee, right leg, and body generally.

On March 1, 1995, Plaintiff filed suit in this Court asserting negligence against the Defendant and alleging that Defendant failed in its duty to provide the Plaintiff with a safe place in which to work. On April 6, 1995, Defendant filed its Motion for Summary Judgment, arguing that Plaintiff's suit is time-barred by the applicable California statute of limitations pursuant to the Outer Continental Shelf Lands Act (hereinafter "OCS-LA"), 43 U.S.C. § 1333(a)(2)(A). In support of its Motion, Defendant asserts that the California Code of Civil Procedure prescribes a one-year statute of limitations for "injury to or for the death of one caused by the wrongful act or neglect of another...." Cal. Civ.Proc.Code § 340(3) (West 1995). Thus, Defendant asserts that in this personal injury suit based on negligence, the case must be brought no later than one year after the cause of action accrues.

On April 27, 1995, this Court granted Plaintiff's Motion for Leave to File his First Amended Complaint. There, Plaintiff asserts a cause of action for breach of contract, which in California is governed by a four-year statute of limitations. Plaintiff further asserts a cause of action for injuries arising out of improvements to real property, which is subject to a four-year statute of limitations for patent defects.

## II. Standard of Review

■ Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is material if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if there is a genuine issue for trial that must be decided by the trier of fact. In other words, summary judgment should not be granted if the evidence indicates that a reasonable fact-finder could find in favor of the non-moving party. *Id.* See also *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ In ruling on a Motion for Summary Judgment, the Court must accept the evidence of the non-moving party and draw all justifiable inferences in his favor. Credibility determinations, weighing of the evidence, and the drawing of reasonable inferences are left to the trier of fact. *Anderson v. Liberty Lobby, supra,* 477 U.S. at 255, 106 S.Ct. at 2513.

■ Under Fed.R.Civ.P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this burden is met, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita, supra,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Leonard v. Dixie Well Serv. & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987).

■ Where the moving party has met its Rule 56(c) burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.' Where the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita, supra,* 475 U.S. at 596–97, 106 S.Ct. at 1361–62 (quoting Fed. R.Civ.P. 56(e)) (emphasis in original).

## III. Discussion

■ The Outer Continental Shelf Lands Act governs accidents occurring on the outer continental shelf and provides that:

To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws and regulations ... the civil and criminal laws of each adjacent State ... are hereby declared to be the law of the United States for that portion of the ... Outer Continental Shelf ... which would be within the area of the State if its boundaries were extended seaward to the outer margin of the Outer Continental Shelf ...

43 U.S.C. § 1333(a)(2)(A). The United States Supreme Court has held that the law of the adjacent State would become surrogate Federal law on fixed platforms on the Shelf to the exclusion of rules of admiralty and common law. *Rodrigue v. Aetna Casualty & Surety Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). This encompasses applicable State statutes of limitations. *Bonner v. Chevron, U.S.A.,* 668 F.2d 817, 819 (5th Cir.1982); *Dorety v. Avondale Shipyards of Texas Inc.,* 672 F.Supp. 962 (S.D.Tex.1987), *aff'd,* 832 F.2d 1262 (5th Cir. 1987).

■ In the present case, Plaintiff's alleged injuries occurred while he was working aboard a fixed offshore production platform located in navigable Federal waters off the coast of Santa Barbara, California. At all times, the platform was located on the Outer Continental Shelf adjacent to the State of California, outside the State territorial waters. Therefore, OCSLA applies to Plaintiff's claims, and the laws of the adjacent State of California govern in this case.

■ Specifically, this Court is required to apply California's statute of limitations. *Robison v. Exxon Corp,* 779 F.Supp. 65 (E.D.Tex.), *aff'd,* (5th Cir.1991). The statute of limitations of the adjacent state applies, regardless of where the suit is filed. *Id.; Bonner,* 668 F.2d at 819. In this case, although Plaintiff has commenced suit in Texas, California's statute of limitations still applies to his claim.

■ The California Code of Civil Procedure prescribes a one-year statute of limitations for "injury to or for the death of one caused by the wrongful act or neglect of another ...". Cal.Civ.Proc.Code § 340(3) (West 1995). In its Response to Defendant's Motion for Summary Judgment, Plaintiff asserts that his cause of action constitutes a hybrid of both a contract and tort. Hence, this Court should apply California's four-year statute of limitations governing contract actions pursuant to California Code of Civil Procedure § 337(1). The Court notes, however, that the one-year statute of limitations is applicable not only to actions based on alleged negligence but also to actions based on an alleged breach of contract resulting in personal injury. *See, County of San Diego v. Sanfax Corp.,* 19 Cal.3d 862, 878, 140 Cal. Rptr. 638, 645, 568 P.2d 363, 370 (1977); *Allred v. Bekins Wide World Van Services,* 45 Cal.App.3d 984, 988, 120 Cal.Rptr. 312, 314 (1975); *Rubino v. Utah Canning Co.,* 123 Cal.App.2d 18, 26–27, 266 P.2d 163, 166 (1954).

Plaintiff alleges that the California Courts have recognized certain causes of action involving both tort and contract as "hybrids" which are not governed by the one-year statute of limitations. In support of this proposition, Plaintiff cites *Eisenberg v. Insurance Company of North America,* 815 F.2d 1285 (9th Cir.1987). The Court notes that *Eisenberg* dealt specifically with the breach of the covenant of good faith and fair dealing. The *Eisenberg* Court held that the "[b]reach of the covenant of good faith and fair dealing has been characterized as a judicially created 'hybrid' which sounds in tort or contract depending upon the facts of the case."

The task of classifying an allegation of breach of the covenant of good faith and fair dealing as being based on either a tort or a contract theory of law proved to be much more difficult than in the present case. In the instant case, an employee sustained per-

sonal injuries as a result of the alleged negligence of Defendant. The Plaintiff argues that Defendant's negligence was the direct consequence of Defendant's breach of its contract with Profco, and therefore this case of action should be classified as a "hybrid" between a contract and tort.

This Court finds that the facts of this case do not warrant such a conclusion. This case is an action for an "injury to or for the death of one caused by the wrongful act of neglect of another ..." and comes clearly within the ambit of California Code of Civil Procedure § 340(3). Thus, the Court finds that Plaintiff's claim for personal injuries resulting from the negligence of Defendant is barred by the one-year statute of limitations provided for in California Code of Civil Procedure § 340(3).

Plaintiff further asserts that California follows the majority position that the limitations period may be waived or altered by contract. In support thereof, Plaintiff cites *Frazier v. Metropolitan Life Insurance Company,* 169 Cal.App.3d 90, 214 Cal.Rptr. 883 (1985). After a review of the Contract for Work and Service, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment as Exhibit B, the Court finds no indication of the parties' intent to waive or alter the applicable statute of limitations. Absent any such showing, the Court finds that the one-year statute of limitations of California Code of Civil Procedure § 340(3) governs this action.

Finally, the Plaintiff argues that pursuant to OCSLA, a stationary rig is considered an island of the adjacent state. As such, the rig itself is an improvement to real property and may be subject to California Code of Civil Procedure § 337.1 or § 337.15. These sections provide for four and ten-year statutes of limitations, respectively, for injury or death from deficient planning or construction of improvement to real property.

The Court appreciates the creative legal arguments offered by Counsel. Plaintiff's counsel has demonstrated his keen ability to engage in zealous advocacy in the face of Draconian procedural limitations. However, this Court is unpersuaded by this line of argument.

The Court observes that even in the liberal jurisdiction of California, the law has not recognized an offshore production platform as real property within the meaning of California Code of Civil Procedure § 337.1 or § 337.15. The Court finds that § 337.1 and § 337.15 do not apply.

Under Fed.R.Civ.P. 56(c), the Defendant has satisfied its initial burden of informing the Court of the basis for its Motion and identifying those relevant portions of the record which it believes demonstrate the absence of a genuine issue of material fact. After Defendant met its initial burden, the burden shifted to the Plaintiff to establish the existence of a genuine issue for trial. Plaintiff must come forward with 'specific facts showing that there is a genuine issue for trial.' This Court finds that the record taken as a whole could not lead a rational trier of fact to find for the Plaintiff. Thus, this Court finds that no genuine issue of material fact exists and therefore, Defendant is entitled to judgment as a matter of law.

For the reasons set forth above, Defendant's Motion for Summary Judgment is **HEREBY GRANTED.** Plaintiff's claims for negligence, breach of contract and injuries resulting from improvements to real property are **DISMISSED WITH PREJUDICE.** Furthermore, the parties are **ORDERED** to file nothing further on this issue in this court, especially Motions to Reconsider or the like, *unless* they can present *compelling* and *relevant* new evidence or legal authority which they could not, through the exercise of due diligence, have presented upon original submission of this Motion. *Any and all* further relief on this issue shall be sought in due course from the United States Court of Appeals for the Fifth Circuit. The parties shall each bear their own costs incurred herein to date.

**IT IS SO ORDERED.**