[No. B025331. Second Dist., Div. Four. Sept. 17, 1987.]

JAMES G. McKEOWN et al., Plaintiffs and Appellants, v.
FIRST INTERSTATE BANK OF CALIFORNIA, Defendant and
Respondent.

### COUNSEL

Rintala, Smoot, Jaenicke & Brunswick, J. Larson Jaenicke, Marjorie Lakin Erickson, Pachulski, Stang & Ziehl and Dean A. Ziehl for Plaintiffs and Appellants.

Kadison, Pfaelzer, Woodard, Quinn & Rossi, Stuart L. Kadison, Margaret M. Morrow, Janine K. Jeffery, Sidley & Austin and Dennis A. Ragen for Defendant and Respondent.

### OPINION

**McCLOSKY, J.**—James and Jacqueline McKeown appeal from summary judgment entered against them and in favor of respondent First Interstate Bank of California (First Interstate). That judgment was granted on the ground that appellants' causes of action for fraud, breach of fiduciary duty, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, were all barred by the applicable statutes of limitations. Appellants contend that the trial court's determination was in error based on their assertion that their causes of action against respondent did not accrue until appellants suffered "appreciable harm" as a result of the tax court decision.

Appellants' suit against First Interstate is based upon representations which they allege First Interstate made in connection with its loan to them of $120,600, in December 1971. Appellants borrowed the money in order to purchase the remaining 75 percent of the stock of an automobile dealership corporation in which they already owned 25 percent of the stock. Appellants allege that First Interstate assured them that they would incur no tax liability for payments made by their automobile dealership corporation on the loan. They assert that as a result of those representations, they entered into the loan agreement and ultimately incurred tax liability.

The dates on which the operative events took place are not in dispute. Appellants borrowed $120,600 from First Interstate in December 1971. Their automobile dealership corporation made all payments on the loan through 1975. Both appellants and the corporation were audited by the Internal Revenue Service commencing in 1973, and appellants were preliminarily advised of their tax liability for the payments made by the corporation in 1974. Appellants incurred accountants' fees in 1973, in connection with the Internal Revenue Service audit. They were represented by an attorney in administrative proceedings before the Internal Revenue Service between 1974 and 1976.

The Internal Revenue Service sent appellants a notice of deficiency regarding their 1972 taxes in December 1976. It sent them a notice of deficiency with respect to their 1973 through 1975 taxes on November 23, 1977. Appellants challenged the deficiency determinations in the Tax Court of the United States. In January 1977, they paid their attorney a retainer of $1,000 for handling the tax court litigation. A tax court judgment was entered against appellants on February 26, 1980, and taxes were assessed in accordance with that judgment on June 9, 1980. Appellants filed this suit on February 24, 1982.

The longest statute of limitations claimed by appellants is four years, for breach of fiduciary duty. (Code Civ. Proc., § 343.) ■ The statutes of limitations at issue in this suit began to run when appellants knew, or should have known, the essential facts to establish the elements of their causes of action, and when they had sustained appreciable and actual damage. (*Southland Mechanical Constructors Corp.* v. *Nixen* (1981) 119 Cal.App.3d 417, 432 [173 Cal.Rptr. 917].)

Appellants' contentions on appeal concern only the issue of when they sustained appreciable and actual harm. The trial court concluded that appreciable harm was sustained by them at the latest in January 1977 when they paid attorneys' fees for their legal representation in tax court. Appellants contend that they did not suffer any appreciable harm until the tax

court judgment against them became final. They assert that there is at least a factual dispute as to when the last element necessary to establish their causes of action occurred.

## DISCUSSION

■ Where the relevant facts are not in dispute, the effect of the statute of limitations may be decided as a question of law. (*Southland Mechanical Constructors Corp.* v. *Nixen, supra,* 119 Cal.App.3d at p. 433.) We affirm the trial court's determination that appellants' causes of action are barred by the applicable statutes of limitations.

■ Cases involving commencement of the statute of limitations for accountant or attorney malpractice are analogous to this case. In the malpractice situation, a client may suffer appreciable harm "before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence." (*Budd* v. *Nixen* (1971) 6 Cal.3d 195, 201 [98 Cal.Rptr. 849, 491 P.2d 433].) Incurring or paying attorneys' fees, if caused by the defendant's negligence, constitutes appreciable harm. (*Id.,* at p. 202; *Southland Mechanical Constructors Corp.* v. *Nixen, supra,* 119 Cal.App.3d at p. 433; and see *Horne* v. *Peckham* (1979) 97 Cal.App.3d 404, 417 [158 Cal.Rptr. 714].)

In the case at bench, appellants paid attorneys' fees in January 1977 for representation in the tax court proceeding which, treating their allegations as truthful, resulted from respondent's negligent or intentionally false representations. They therefore suffered appreciable harm at least as early as January 1977.

■ Respondent contends that notification of the tax deficiency in December 1976 constituted harm sufficient to trigger the running of the statute. In our view, respondent is correct. The taxpayer to whom a notice of deficiency is sent is put to the choice of paying the deficiency, incurring the expense of petitioning for redetermination, or facing collection by the government. (Int. Rev. Code, § 6213 (a) and (c).)[1] Appellants had at that point suffered appreciable harm.

---

[1] Internal Revenue Code section 6213 (a) and (c) state in relevant part: "(a) Within 90 days, . . . after the notice of deficiency authorized in section 6212 is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . . [N]o levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day . . . period, . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. . . .
". . . . . . . . . . . . . . . . . . . . . . . .

In *Moonie* v. *Lynch* (1967) 256 Cal.App.2d 361, 364 [64 Cal.Rptr. 55], the court states that sufficient injury for the accrual of a cause of action for negligent preparation of a tax return by an accountant occurred when "the government assessed, or to plaintiff's knowledge was about to assess, a penalty." That event occurred when a notice of deficiency was sent to the plaintiff. (See *Day* v. *Rosenthal* (1985) 170 Cal.App.3d 1125, 1165 [217 Cal.Rptr. 89].) Similarly, in *United States* v. *Gutterman* (9th Cir. 1983) 701 F.2d 104, 106, the court states that the plaintiff in a suit for malpractice involving the late filing of a tax return by an attorney suffered actual and appreciable harm when tax liability was "assessed," relying on the date of notification of deficiency as the date of assessment. In neither case does the court require a final legal determination of liability by a court of competent jurisdiction for accrual of the cause of action. (See *Horne* v. *Peckham, supra,* 97 Cal.App.3d at p. 417.) In neither *Moonie* v. *Lunch, supra,* nor *United States* v. *Gutterman, supra,* did the client seek a redetermination of the tax deficiency in the tax court, as appellants herein did.

*Feldman* v. *Granger* (1969) 255 Md. 288, 296-297 [257 A.2d 421, 425], which involved a taxpayer appeal to the tax court, was cited with approval in *Budd* v. *Nixen, supra,* 6 Cal.3d at page 201, footnote 3, and is persuasive here. It states: "[F]ocusing attention on the date . . . when the appellant received the notice of the tax deficiency . . . from the Appellate Division of the Internal Revenue Service, we are of the opinion that any reasonable and prudent man, being in the place of the appellants, would have known or certainly should have known at that time, that he had sustained legal harm as of that date, if not before. The appellants . . . had known for over three and a half years that the Internal Revenue Service disagreed with their position. Certainly, when they received notice of the tax deficiency assessment . . . it became necessary for them to incur the expense of retaining legal counsel." (See *Brower* v. *Davidson, Deckert, Schutter, etc.* (Mo.App. 1984) 686 S.W.2d 1, 3.) In this case, the trial court properly concluded that appellants suffered appreciable harm at least as early as the date on which they paid attorneys' fees in order to contest the Internal Revenue Service's determination of a tax deficiency.

Appellants contention that they suffered no appreciable harm until the tax court judgment against them became final in late February 1980, is not well taken. Appellants correctly assert that a malpractice action accrues "when the error becomes irremediable and the impact of the injury occurs." (*Southland Mechanical Constructors Corp.* v. *Nixen, supra,* 119 Cal.App.3d at p. 432; *Bell* v. *Hummel* (1982) 136 Cal.App.3d 1009, 1016 [186 Cal.Rptr.

---

"(c) If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary."

688].) Respondent's alleged error was in giving faulty advice to appellants in 1971 regarding the tax consequences of their agreement. That error became irremediable when appellants acted on it in 1972 through 1975. (See *Yandell* v. *Baker* (1968) 258 Cal.App.2d 308, 314 [65 Cal.Rptr. 606], disapproved on another point in *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 190 [98 Cal.Rptr. 837, 491 P.2d 421].)

Those cases in which attorney errors in the course of litigation may be corrected by subsequent motion or appeal are distinguishable. There the error becomes irremediable only when the adverse determination becomes final (*Ruchti* v. *Goldfein* (1980) 113 Cal.App.3d 928, 935 [170 Cal.Rptr. 375]) or the remedial motion is denied. (*Bell* v. *Hummel, supra,* 136 Cal.App.3d at p. 1017; *Southland Mechanical Constructors Corp.* v. *Nixen, supra,* 119 Cal.App.3d at p. 433.) Here, the tax court litigation could not remedy the error alleged to have been made by respondent.

*Day* v. *Rosenthal, supra,* cited by appellants for the proposition that the statute of limitations does not begin to run until after the tax court has ruled, is distinguishable. There, the court held that failure to discover attorney malpractice was excused where the attorney continued to be their "investment adviser, tax accountant and lawyer" and continued to exert influence over the victims at the time they received a notice of tax deficiency. (*Day* v. *Rosenthal, supra,* 170 Cal.App.3d at p. 1165.) Here, appellants were represented by their own counsel as early as 1974, *prior* to the notice of deficiency. They have not shown either such a continuing relationship with First Interstate or fraudulent concealment by it which would justify tolling the statute. (*Id.,* at p. 1166.)

Appellants' reliance on indemnification principles is misplaced. Requiring the payment of judgment for the accrual of a cause of action here would be inconsistent with *Budd* v. *Nixen, supra,* 6 Cal.3d at page 201. *Budd* v. *Nixen* holds that a client may suffer appreciable harm from professional negligence prior to the entry of judgment against him.

Public policy does not support appellants' position. The rule urged by appellants would encourage plaintiffs to delay bringing suit and would allow them to assert stale claims. ■ Where, as here, plaintiffs have full knowledge of the defendant's acts and the damage caused thereby, the legitimate interest in enforcing statutes of limitations, to promote security and stability, must control. (See *United States* v. *Gutterman, supra,* 701 F.2d at p. 107.)

The judgment is affirmed.

Kingsley, Acting P. J., and George, J., concurred.

A petition for a rehearing was denied October 6, 1987, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied December 22, 1987.