62 F.3d 1423
 RICO Bus.Disp.Guide 8882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julio C. ACEBEY; L. Clifford Adams, Jr.; David C. Adelman;
Vinod Ajmani, et al., Plaintiffs-Appellants,
v.
SHEARSON LEHMAN BROTHERS, INC., a/k/a Shearson Lehman
Hutton, Inc., as successor in interest to the E.F. Hutton
Group, Inc. & E.F. Hutton & Company; Norbro Equities I,
Inc.; Hutton Real Estate Services II, Inc.; Garth H.
Nordheimer; Lennar Homes, Inc.; Scott A. Nordheimer; Kenneth
Leventhal; Richard D. Roach, Defendants-Appellees.
George J. DEHNEY; Annette Dehney; Walter C. O'Neill; Alvin
L. Solomon; Kay F. Krogen, et al., Plaintiffs-Appellants,
v.
SHEARSON LEHMAN BROTHERS, INC., aka: Shearson Lehman
Hutton, Inc., as successor in interest to the E.F. Hutton
Group, Inc. & E.F. Hutton & Company; Norbro Equities I,
Inc.; Hutton Real Estate Services II, Inc.; Gary H.
Nordheimer, et al., Defendants-Appellees.
 Nos. 93-56569, 93-56573.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1995.
Decided Aug. 8, 1995.
 
 Before: LAY,* BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A large group of investors in Norbro I Limited Partnership (hereinafter, "the partnership") brought this class action alleging claims of RICO violations, fraud, and breach of fiduciary duty. The suit was brought against (1) Shearson Lehman Brothers, Inc., a/k/a Shearson Lehman Hutton, Inc., as successor in interest to the E. F. Hutton Group, Inc. and E. F. Hutton & Company, and Hutton Real Estate Services II, Inc. (collectively hereinafter, "Shearson"); (2) Lennar Homes, Inc. (hereinafter, "Lennar"); and, (3) Kenneth Leventhal, Inc. (hereinafter, "Leventhal"). The district court[1] granted Lennar's motion for summary judgment and Shearson's and Leventhal's motions to dismiss for failure to state a claim. The court's judgment dismissed all claims against Lennar and Shearson with prejudice. The court dismissed the RICO and breach of fiduciary duty claim against Leventhal with prejudice and dismissed the fraud claim for lack of subject matter jurisdiction. We affirm the judgment of the district court.
 
 
 3
 The partnership, allegedly controlled by Shearson, a national brokerage/investment firm, acquired, owned, and operated apartments in Dade County, Florida, as rental properties. Leventhal, a firm of certified public accountants, assisted Shearson. Lennar developed and sold the properties to the partnership. The partnership filed for Chapter 11 bankruptcy in Florida in 1990.[2] The bankruptcy court confirmed a reorganization plan in 1991. The investors filed this suit against the defendants in California in 1992. The plaintiffs alleged Shearson, Leventhal, and Lennar caused material misrepresentations and omissions to be made in the offering materials.
 
 
 4
 The district court granted Lennar's motion for summary judgment, finding the confirmation of the bankruptcy reorganization plan was res judicata as to the investors' claims because the plan released Lennar from all claims by equity security holders, which group included appellants. The court also granted Shearson's and Leventhal's 12(b)(6) motions to dismiss. In the suit against Shearson, the district court found the statutes of limitations had run on the state and federal claims. As to Leventhal, the court found the pleadings failed to allege a RICO violation or to state a claim for breach of fiduciary duty. The court also declined to exercise supplemental jurisdiction over the investors' fraud claim against Leventhal. On appeal, the investors challenge both the grant of summary judgment to Lennar and the dismissal of their claims against Shearson and Leventhal.
 
 
 5
 The investors alleged they relied on the private offering memorandum or prospectus, a brochure, and other materials Shearson, Lennar, and Leventhal distributed. The investors contend the memorandum was false and misleading. They also urged they were not informed of the appellees' fees and commissions, and that these charges were excessive.
 
 
 6
 On our review, we find the district court correctly decided that, as a matter of law, the memorandum did put the investors on inquiry notice in 1985 as to all their claims. California law is clear that the statutes of limitations on the investors' state law claims began running when they had actual or constructive notice of the potential unsuitability of the partnership given their investment objectives. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 206 (9th Cir. 1991); McKeown v. First Interstate Bank, 194 Cal. App. 3d 1225, 1228 (Ct. App. 1987). The memorandum the investors received told of the risks involved in the investment and warned that profits or tax benefits were contingent. It also contained other warnings and told investors a cash payout would occur only if all forecasts and objectives were met. The incongruities between the assurances the investors stated the memorandum gave and these many warnings gave the investors notice of the need to make inquiries. Further, the memorandum disclosed the various fees and commissions which the defendants charged. Reliance on a document providing notice of fraud and a claimed lack of knowledge of fraud does not raise a factual issue. Townsend v. Columbia Operations, 667 F.2d 844, 850 (9th Cir. 1982). As the district court found, the investors were or should have been on notice in 1985.
 
 
 7
 The court also correctly held that, given the investors had inquiry notice, their injuries occurred in 1985 when they invested in the partnership and not when the partnership filed bankruptcy in 1992. See Volk v. D.A. Davidson & Co., 816 F.2d 1406 (9th Cir. 1987). Consequently, the statutes of limitations on all three claims began to run in 1985. Three years later, the statutes of limitations for the fraud claim had run.[3] Four years later, time to bring the RICO and breach of fiduciary duty claims had expired as well.[4] In view of our holding, we need not discuss in detail the separate basis of dismissal of the suits against Lennar and Leventhal.[5] The court's ruling on the statutes of limitations is sufficient to bar each of the defendants.
 
 
 8
 We affirm the judgment of the district court which dismissed with prejudice all the claims against Lennar and Shearson, dismissed with prejudice the RICO and breach of fiduciary duty claims against Leventhal, and dismissed for lack of subject matter jurisdiction the fraud claim against Leventhal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Honorable William Matthew Byrne, Jr., presiding
 
 
 [2]
 For a full discussion of the facts, see the district court's June 4, 1994 order. Acebey v. Shearson Lehman Brothers, Inc., No. CV92-5926-WMB, 1994 WL 374298 (C.D. Cal. Jun. 4, 1994)
 
 
 [3]
 See Cal. Civ. P. Code Sec. 338(d) (West 1994)
 
 
 [4]
 Agency Holding Corp. v. Malley-Duff & Assoc., 483 U.S. 145, 156 (1987) (statute of limitations for civil RICO claim is four years); Cal Civ. P. Code Sec. 343 (West 1994)
 
 
 [5]
 However, our review of the case supports the court's treatment of those issues. If the statutes of limitations did not bar this action, granting Lennar summary judgment would have been appropriate because in the absence of a pending motion for modification, the partnership's Ch. 11 reorganization plan was entitled to res judicata effect. See Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1053 (5th Cir. 1987) (res judicata bars creditor from suing collaterally to enforce a guarantee release in a final confirmation plan); Stoll v. Gottlieb, 305 U.S. 165, 170-71 (1938) (holding that where no modification motion is pending, a confirmed plan is res judicata); see also In re Gregory, 705 F.2d 1118, 1121 (9th Cir. 1983) (failure to raise objection on appeal of the confirmation plan precludes collateral attack)
 Similarly, had not the RICO and state law claims against Leventhal been barred by the statutes of limitations, we would agree with the district court that the pleadings failed to set forth a pattern of racketeering activity as required by RICO, 18 U.S.C. Sec. 1964(a), or a breach of fiduciary duty. Leventhal prepared a single financial report, which does not constitute a "pattern" of racketeering activity. See Blake v. Dierdorff, 856 F.2d 1365, 1371 (9th Cir. 1988) ("RICO's pattern requirement cannot be satisfied by bootstrapping [the accounting firm's] knowledge, gained during an in furtherance of the audit, into predicate acts separate from the final audit certification itself.") Nor did the pleadings allege a relationship between the appellants and Leventhal that could give rise to fiduciary duties. See Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 221-22 (1983). Given the court dismissed the federal claims on which its original jurisdiction rested, its decision to decline to exercise supplemental jurisdiction over the state law fraud claim is not an abuse of discretion. See 28 U.S.C. Sec. 1367(c).