**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

December 16, 2019

Art C. Aranilla, Esquire
Marshall, Dennehey, Warner,
Coleman & Coggin
1007 North Orange Street, Suite 600
Wilmington, DE 19899

Patrick K. Gibson, Esquire
Ippoliti Law Group
1225 North King Street, Suite 900
Wilmington, DE 19801

Aaron E. Moore, Esquire (*Pro Hac Vice*)
Marshall, Dennehey, Warner,
Coleman & Coggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

> **Re:** ***Gellert Scali Busenkell & Brown, LLC, v. Country Life Holmes,
> LLC, et al., C.A. No.: N19C-03-228***

Dear Counsel:

In March of 2016, Defendants retained the legal services of Plaintiff Gellert Scali Busenkell & Brown, LLC[1] (Plaintiff). Plaintiff filed claims against Defendants[2] for unpaid monies allegedly owed for legal services rendered. In response, Defendants filed counterclaims alleging two counts of legal malpractice and *respondeat superior*. Plaintiff moves for dismissal under Superior Court Civil Rule 12(b)(6) for failure to state a claim. After consideration of all pleadings and

---

[1] For ease of reference, Plaintiff/Counterclaim Defendant, herein Plaintiff includes the law firm of Gellert Scali Busenkell & Brown, LLC.

[2] For ease of reference, Defendants/Counterclaim Plaintiffs, herein Defendants include Country Life Homes, LLC; Hearthstone Manor I, LLC; Hearthstone Manor II, LLC; River Rock, LLC; Key Properties Group, LLC; Cedar Creek Landing Campground, LLC; and, MBT Land Holdings, LLC. Elmer Fannin and Mary Ann Fannin are principals of these entities.

1

oral arguments on November 18, 2019, for the reasons stated below, Plaintiff's Motion is **GRANTED.**

### *Factual and Procedural Background*

On March 1, 2016, Defendants retained Plaintiff to represent them in their efforts to restructure commercial loans and lines of credit that Defendants had through Fulton Bank, N.A. ("Fulton"). After unsuccessful efforts, Fulton instituted legal proceedings against Defendants for the repayment of over $6 million in unpaid loans. Fulton retained counsel to prosecute various civil actions.[3] Plaintiff defended these actions on behalf of Defendants including disputing the accuracy of the amounts owed to Fulton.[4]

In September of 2018, Defendants terminated Plaintiff's services and retained another law firm. Three months later, Defendants resolved the Fulton matter through mediation on December 14, 2018 and paid $6,730,578.71. This included, in relevant part, payment to Fulton in full satisfaction of all obligations under the loans, and the payment of Fulton's legal fees and litigation expenses.

On March 22, 2019, Plaintiff filed a Complaint against Defendants seeking approximately $124,000 for unpaid fees related to alleged legal services rendered in the Fulton matter. On June 19, 2019, in addition to the Answer and Affirmative Defenses, Defendants filed these counterclaims for legal malpractice related to the representation of attorneys Charles J. Brown III, Esquire and Michael Busenkell, Esquire (Attorneys Brown and Busenkell) (Count I), and under a theory of *respondeat superior* against their firm (Count II). Defendants allege strategic and

---

[3] *See* Defendants' Counterclaim ¶¶ 19-79 (referring to cases: (1) C.A. No. N16C-11-199 PRW; (2) C.A. No. N16C-11-200 PRW; (3) C.A. No. N16C-12-077 PRW; (4) C.A. No. N16C-12-076 PRW; (5) C.A. No. N17C-12-108 PRW; (6) C.A. No. N17C-12-104 PRW; (7) C.A. No. N17C-12-146 PRW; (8) C.A. No. N17C-12-138 PRW; and (9) C.A. No. N17C-02-062 PRW).

[4] As part of the litigation, on December 11, 2017, Plaintiff filed two civil actions against Fulton on behalf of Defendants, seeking a judicial declaration that the amounts owed to Fulton was less than claimed. *See* Plaintiff's Opening Brief in Support of Motion to Dismiss at pages 2-3 (citing Defendants' Counterclaim at ¶¶ 72, 78 (referring to C.A. No. N17C-12-138 PRW and C.A. No. N17C-02-062 PRW)). The claims against Fulton asserted claims for breach of contract and breach of the covenant of good faith and fair dealing based on information that Defendants had overpaid Fulton on some of their accounts, as reported by an accounting firm, Gavin/Solmonese, LLC, retained to review loan documents from Fulton. *See id.* at page 3 (citing Defendants' Counterclaim at ¶¶ 73, 79 (referring to C.A. No. N17C-12-138 PRW and C.A. No. N17C-02-062 PRW)).

procedural errors committed in defending the Fulton action prevented Defendants from obtaining a more favorable outcome that entitles them to damages "in excess of $1,000,000.000."[5]

On September 5, 2019, Plaintiff filed a Motion to Dismiss under Superior Court Civil Rule 12(b)(6). On October 24, 2019, Defendants filed their response. On October 31, 2019, Plaintiff filed its Reply. The Court heard oral argument on November 18, 2019. The matter is ripe for review.

### *Standard of Review*

On a Motion to Dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[6] Even vague allegations are considered well plead if they give the opposing party notice of a claim.[7] The Court must draw all reasonable inferences in favor of the non-moving party;[8] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[9] Dismissal of a complaint under Rule 12(b)(6) must be denied if the plaintiff could recover under "any reasonably conceivable set of circumstances susceptible of proof under the complaint."[10]

### *Discussion*

Delaware law has established that to succeed on a claim for legal malpractice, the plaintiff must establish the following elements: a) the employment of the attorney; b) the attorney's neglect of a professional obligation; and c) resulting loss.[11]

---

[5] Defendants' damage calculation includes (i) $393,151.04 [previously paid] to Plaintiff in attorneys' fees; (ii) $334,201.73 for the Gavin/Solmonese, LLC Report; and (iii) $823,633.00 for Fulton's attorneys' fees and litigation expenses. Defendants Counterclaim at ¶¶ 116-117.

[6] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[7] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[8] *Id.*

[9] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (internal citation omitted).

[10] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952)).

[11] *Oakes v. Clark*, 69 A.3d 371, 2013 WL 3147313, at *1 (Del. June 18, 2013) (TABLE) (citing *Weaver v. Lukoff*, 511 A.2d 1044, 1986 WL 17121, at *1 (Del. July 1, 1986) (TABLE) (citing *Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (1976))); *see Lorenzetti v. Enterline*, 44 A.3d 922, 2012 WL 1383186, at *2 (Del. April 18, 2012) (TABLE) (citing *Weaver v. Lukoff*, 511 A.2d 1044, 1986 WL 17121, at *1 (Del. July 1, 1986) (TABLE) (citing *Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (1976))) ("On a claim of legal malpractice, the plaintiff must establish

To establish the third element, "the plaintiff must demonstrate that the underlying action would have been successful but for the attorney's negligence."[12] To establish this element, "an attorney must cause more than speculative damage to a plaintiff,"[13] and "[e]ven when proven or obvious, '[t]he mere breach of professional duty, causing only . . . speculative harm, or the threat of future harm—not yet realized— does not suffice to create a cause of action for negligence . . . .'"[14]

The crux of Defendants' claims for legal malpractice and *respondeat superior* allege that Attorneys Brown and Busenkell deviated from the standard of care expected of a Delaware attorney in the practice of commercial litigation. Specifically, the allegations include that they failed to identify the weaknesses of Defendants' civil actions early on, misrepresented the strength of Defendants' cases, and failed to advise Defendants that they would likely lose at trial such that they "should have settled with Fulton under terms as favorable as possible."[15] Defendants also argue that procedural errors were committed when the attorneys failed to request a jury trial, failed to file a compulsory counterclaim or file an affidavit to request a continuance to allow more time to include the accounting report in response to Fulton's Motion for Summary Judgment. The negligence theory advanced is insufficient to state a claim under Rule 12(b)(6).

---

(i) the employment of the attorney; (ii) the attorney's neglect of a professional obligation, and (iii) resulting loss, i.e., that the underlying action would have been successful but for the attorney's negligence."); *see also Flowers v. Ramunno*, 27 A.3d 551, 2011 WL 3592966, at *2 (Del. Aug. 16, 2011) (TABLE) (citing *Weaver v. Lukoff*, 511 A.2d 1044, 1986 WL 17121, at *1 (Del. July 1, 1986) (TABLE) (citing *Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (1976))); *see also Rich Realty, Inc. v. Meyerson & O'Neill*, No. CV N13C-06-270 MMJ, 2014 WL 1689966, at *3 (Del. Super. Ct. Apr. 14, 2014), *aff'd sub nom. Rich Realty, Inc. v. Meyerson & O'Neill, Shelsby & Leoni, P.A.*, 103 A.3d 515 (Del. 2014) (citing *Farmers Bank of Willards v. Becker*, No. CIV.A.S09C-11016 MMJ, 2011 WL 3925428, at *3 (Del. Super. Ct. Aug. 19, 2011)).

[12] *Oakes*, 2013 WL 3147313, at *1; *see Flowers*, 2011 WL 3592966, at *2; *see also Rich Realty, Inc. v. Meyerson & O'Neill*, 2014 WL 1689966, at *3.

[13] *Balinski v. Baker*, No. CV N13C-02-246 PRW, 2013 WL 4521199, at *3 (Del. Super. Ct. Aug. 22, 2013) (quoting *Power Gourmet Concepts, Inc. v. Irwin & McKnight*, 2010 WL 5147233, at *3 (M.D. Pa. Oct. 1, 2010)).

[14] *Id.* (quoting *Rizzo v. Haines*, 555 A.2d 58, 68 (Pa. 1989) (quoting *Schenkel v. Monheit*, 45 A.2d 493, 494 (Pa. Super. Ct. 1979) and *Budd v. Nixon*, 491 P.2d 433, 436 (Cal. 1971) (invalidated by statute))).

[15] Defendants' Counterclaim at ¶¶ 87, 89.

4

The Court commends Defendants' counsel for his candor in representing that Defendants concede they cannot establish the third element of resultant loss. To get around this obstacle, Defendants invite this Court to carve out an exception by stretching the holdings in *Dickerson v. Murray*[16] and *Beneville v. Pileggi*[17] to fit within the facts of this case. This Court declines the invitation to make an exception to the bright line rule under Delaware law.

Fatal to the claims is that Defendants cannot establish that the underlying action would have been successful but for the attorney's negligence or that Plaintiff's alleged conduct caused them to lose any of the underlying Fulton actions. These civil actions settled by agreement of the parties through mediation. Defendants' claims would improperly require speculation as to what happened during these settlement negotiations. Thus, damages are also speculative.

Neither *Dickerson* nor *Beneville* help Defendants as they are not applicable. *Dickerson* involved a legal malpractice claim in relation to "the applicable standard of care a lawyer must observe when representing a client in a real estate transaction."[18] *Beneville* also involved claims related to legal advice provided in a transactional matter. Even in the transactional matter in *Dickerson,* the Court still required proof of resultant loss—and assessed whether "the attorney's negligence resulted in and was the proximate cause of plaintiff's loss."[19]

Defendants take a leap of faith to suggest that Plaintiff's legal strategies and alleged procedural errors are akin to those alleged by the *Dickerson* plaintiff who would have "walked away from the deal had [they] been fully advised."[20] There is no evidence of any such deal or a hint of proof that early settlement would have occurred but for the attorneys' conduct. Defendants ask the Court to assume that: (1) Fulton *was* amendable to "early settlements;" (2) Plaintiff identified this opportunity; and (3) Plaintiff failed to convey a settlement demand during the course of the underlying litigation. There are no such allegations.

Under Rule 12(b)(6), in viewing the facts in the light most favorable to Defendants, there is no factual or legal basis upon which a trier of fact could

---

[16] No. CV S14C-07-026 RFS, 2016 WL 1613286 (Del. Super. Ct. Mar. 24, 2016).

[17] No. CIV.A. 03-474 JJF, 2004 WL 758038 (D. Del. Apr. 2, 2004).

[18] *Dickerson v. Murray*, No. CV S14C-07-026 RFS, 2016 WL 1613286, at *3 (Del. Super. Ct. Mar. 24, 2016).

[19] *Id.*

[20] *Dickerson*, 2016 WL 1613286, at *3.

5

conclude that there was professional negligence or that Defendants' underlying litigation would have been successful *but for* Plaintiff's conduct. Because Defendants are unable to demonstrate a resultant loss in the underlying litigation and damages alleged are purely speculative, Defendants fail to state a claim for which relief can be granted. For these reasons, Plaintiff's Motion to Dismiss is **GRANTED, with prejudice.**

Vivian L. Medinilla
Judge

6